67 F.3d 301
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Brian ADAMS, Defendant-Appellant.
 No. 94-2112.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 27, 1995.[1]
Decided Sept. 27, 1995.
 
 Before CUMMINGS, PELL and BAUER, Circuit Judges.
 
 ORDER
 
 1
 Brian Adams appeals from the judgment of the district court after resentencing. In 1991, Adams pled guilty to the distribution of LSD and psilocybin mushrooms. At sentencing, the district court found that the total weight of the LSD and the carrier medium of blotter paper was 60.79 grams, and thus Adams fell in the sentencing range of 151 to 188 months. The court granted the government's motion to depart from the guidelines range for defendant's substantial assistance, and imposed a sentence of 108 months' imprisonment. In December 1993; Adams sought a reduction in sentence pursuant to the Sentencing Commission's revision to section 2D1.1 of the Guidelines, effective November 1, 1993, to permit an alternative method of weighing using the presumptive weight of 0.4 grams for each dosage of LSD. The government also filed a motion to reduce defendant's sentence, but on the basis of substantial assistance.[2] See U.S.S.G. Sec. 5K1.1.
 
 
 2
 At resentencing in May 1994, the district court acknowledged that the Guidelines method of weighing the LSD would place Adams in the 70 to 87 month range. Under the new Guidelines formula, the 60.79 grams, parceled into 14,070 dosages, multiplied by 0.4 mg. would result in a total weight of 5.6 grams of LSD--greatly less than the 60.79 grams used to calculate the original sentence. The district court found, however, that Chapman v. United States, 500 U.S. 453 (1991), required it to impose the 10-year statutory mandatory minimum, 21 U.S.C. Sec. 841(b)(1)(A)(v), a finding now compelled by our opinion in United States v. Neal, 46 F.3d 1405 (1995) (en banc), cert. granted, 63 U.S.L.W. 3889 (U.S. June 19, 1995) (No. 94-9088).[3] (However, the court reduced the sentence to 84 months' on the basis of the government's motion for reduction due to defendant's substantial assistance, a finding not challenged here.)
 
 
 3
 On the basis of Neal, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the United States v. Neal statements of position, including defendant's statement that oral arguments were not necessary, the court determined that the case would be submitted on the record and the statements of position. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [2]
 After the original sentencing, the government filed a Rule 35(b) motion for reduction due to subsequent cooperation, but later sought to withdraw that motion, asserting that the defendant's cooperation had not risen to the level of substantial assistance. When the Guidelines amendment triggered defendant's motion for reduction of sentence, the government again reversed its position, rescinding its request to withdraw the Rule 35(b) motion, and asking the court to reduce the 120-month mandatory minimum sentence by 28%, to 84 months' imprisonment
 
 
 [3]
 We asked the parties to submit their respective statements of position in light of our holding in Neal. The parties have done so, and defendant stated that Neal was directly on point and that "requiring either party to submit briefs and to argue the matter would be duplicitous."